UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Civil Action No. 5:22-CV-363-____

| | |
|---|---|
| THRESEA DONALD<br>*Plaintiff*,<br><br>v.<br><br>NOVANT HEALTH, INC., d.b.a.<br>PRESBYTERIAN MEDICAL CENTER<br><br>*Defendant*. | **COMPLAINT**<br>**(JURY TRIAL DEMANDED)**<br><br>**Electronically Filed** |

**NOW COMES**, Plaintiff, **THRESEA DONALD**, hereinafter referred to as ("Ms. Donald"), by and through her counsel of record, Shayla C. Richberg, and hereby moves this Honorable Court, for damages alleging retaliatory discrimination, race discrimination, and age discrimination claims against Defendant, Novant Health, pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, as amended ("Title VII"), 42 U.S.C. . § 1983, *et seq.* as amended, North Carolina Equal Employment Practices Act of 1977, N.C. Gen. Stat. §§ 143-422.1, .2, & .3, North Carolina Human Resource Act of 1965, N.C. Gen. Stat. § 126-17 & N.C. Gen. Stat. § 95-243, and The Employment Act of 1967, 29 U.S.C.S. § 621 et seq.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

1.  Plaintiff has exhausted all required administrative remedies.

2.  That Ms. Donald filed charges with the EEOC on or around April 28, 2021.

3.  That Plaintiff received her letter of right to sue from the EEOC on or around June 15, 2022.

## JURISDICTION AND VENUE

4. Plaintiff is a current citizen and resident of Fairfax County, Reston, Virginia.

5. Plaintiff while employed with Defendant was a resident and citizen of Mecklenburg County, Huntersville, North Carolina.

6. Defendant is a Non- Profit Corporation duly organized and existing under the laws of the State of North Carolina with its registered office and agent located in Wake County, Raleigh, North Carolina.

7. At all material times herein, Defendant conducted business throughout the State of North Carolina.

8. That the primary acts occurred in Mecklenburg County, Charlotte, North Carolina.

9. At all material times herein, Plaintiff was employed by Defendant.

10. Upon information and belief, at all material times herein, Defendant has had annual gross receipts exceeding $500,000 and has employed one or more employees engaged in commerce in the State of North Carolina.

11. At all times material hereto, Defendant has had more than 500 employees in each of the 20 or more calendar weeks in the current or preceding calendar year.

12. That this Court has federal question jurisdiction arising under 28 U.S.C. § 1331, because this action arises under the laws of the United States of America, specifically Title VII of the Civil Rights Act. That this court has supplemental jurisdiction over all state claims pursuant to 28 U.S.C. § 1367.

13. That this court has Personal Jurisdiction over Defendant, as Defendant has sufficient contacts and resides in the State of North Carolina with registered offices in Wake County, Raleigh, North Carolina.

14. That Plaintiff prefers that her case matter be heard in the Eastern District for convenience.

15. That this Court has diversity jurisdiction arising under 28 U.S.C. § 1332, because the amount in controversy exceeds the sum or value of $75,000 and is between citizens of different states.

16. Therefore, venue is proper under 28 U.S.C. § 1391(b).

17. That Defendant has purchased liability insurance which waives governmental immunity, if any, pursuant to NC. Gen. Stat. §160-A-485.

## STATEMENT OF THE FACTS

18. Ms. Donald is a black woman over the age of forty ("40") and was employed with Defendant since June 5, 2017, until her termination on or around June 23, 2020.

19. Ms. Donald served as Defendant's Anatomical Pathology Supervisor making an annual salary of eighty-nine thousand dollars ($89,000).

20. That throughout her tenure with Defendant Ms. Donald filed several complaints with Defendant about her feelings of race discrimination within her company's unit and all went unanswered.

21. That her most recent report of racial discrimination to the human resource department was on or around April 2, 2020, when she sent an email to Sheena Boyd, Director of Employee Relations at Novant Health reporting a company joke of the day email sent to her department by Christine Stiller, white woman, and manager of clinical laboratories, depicting a cartoon character being hung by a noose while said cartoon figure was surrounded by other cartoon spectators laughing.

22. That Ms. Donald was first made aware of said email from another black technician that she supervised.

23. That a black technician that Ms. Donald supervises, came to her crying and upset by the email and expressed her feelings, as well as other black technicians that spoke to her, of their feelings of racism and discrimination within Defendant company.

24. That said technician asked Ms. Donald to report the issue to the proper parties.

25. That once Ms. Donald made the report to Sheena Boyd, Ms. Boyd informed her that she forwarded her complaint to Kim Hailey in the human resource department.

26. That Kim Hailey sent Ms. Donald a follow up email stating that she forwarded her complaint to Angela Callwood, the Director of Laboratory.

27. That Angela Callwood informed Ms. Donald that she would investigate and resolve the issue.

28. That Ms. Callwood never followed up with Ms. Donald, thus her complaint was never addressed.

29. That days after Ms. Donald submitted the complaint, the black technician that made the report to her informed Ms. Donald that she heard several white colleagues in the breakroom laughing about the email and said, "they did not see why the joke was such a big deal to other people".

30. That Ms. Donald and other black employees felt uncomfortable at work after the incident.

31. That the next time Ms. Donald heard from Ms. Callwood was on or around June 23, 2020, when she was called into a meeting where she was informed that she was being terminated.

32. That Ms. Callwood was accompanied by Ryan Dye, white male, one of Defendant's business partners, whereby Mr. Dye told Ms. Donald that she was being laid off.

33. That Defendant informed Ms. Donald that they would provide her with job assistance and hiring preference for other available positions within the company.

34. That on or around June 27, 2020, Ms. Donald applied for a vacant position as an Anatomical Pathology Supervisor at Defendant company, which is the same position that was allegedly eliminated due to a reduction in force.

35. That Ms. Donald received an in-person interview with the company which was conducted by a panel of all-white women.

36. That upon information and belief the panel of white women were younger than Ms. Donald.

37. That on or around January 5, 2021, Ms. Donald was notified after several months of waiting that she was not selected for the position despite her thirty-four ("34") years of direct job experience.

38. That upon information and belief the candidate selected for the position was younger and of white race.

## COUNT 1
## RETALITORY DISCRIMINAITON

I. **Defendant retaliated against Ms. Donald when they terminated her employment two months after she reported issues of racial discrimination to human resources and upper management.**

39. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 38 and incorporates the same by reference herein as if again fully set forth.

40. Ms. Donald's internal complaint of race discrimination amounted to protected activity under Title VII.

41. Defendant took an adverse employment action against Ms. Donald, by terminating her position on or around June 23, 2020.

42. That Defendant's reason of layoff was pretextual as a vacant position was available at the time of layoff that Ms. Donald was not selected for.

5

43. That a causal connection may be inferred due to the two-month time frame between her engagement of protected activity and termination.

44. That at the time of termination Ms. Donald was performing at a satisfactory level.

45. That Defendant's termination of Ms. Donald were intentional acts of retaliatory discrimination, motivated by Ms. Donald's prior complaints to HR, in violation of 42 U.S.C. § 2000e-3(a).

46. That Ms. Donald has been directly and proximately damaged by Defendant's wrongful conduct, including emotional pain and suffering, mental anguish, income, and injury to reputation.

47. That because Defendant engaged in the retaliatory discriminatory conduct with malice and reckless indifference to the protected rights of Ms. Donald, Defendants are liable for punitive damages.

48. That as a direct and proximate result of said retaliation, Plaintiff has been damaged and is entitled to compensatory and punitive damages in an amount in excess of $25,000.00.

## COUNT 2
## RACE DISCRMINIATION

**II. Defendant targeted Ms. Donald because she is a black woman who made a previous complaint of racial discrimination that was never addressed.**

49. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 48 and incorporates the same by reference herein as if again fully set forth.

50. Defendant negligently engaged in conduct, as previously described.

51. Ms. Donald is a member of a protected class because she is a black woman.

52. Ms. Donald was performing at a satisfactory work level at the time her termination.

53. That the employees of Defendant that organized and lead the discrimination and adverse treatment of Ms. Donald were white.

54. That Defendant targeted Ms. Donald because she was black. And harassed and mocked her and other black employees after Ms. Donald filed her complaint of racial discrimination.

55. That employees not a part of Ms. Donald's protected class did not experience the same disparate treatment as she and other black employees.

56. That the reported email was sent out during a time of nationwide racial tension that was known and felt by many.

57. That as a direct and proximate result of Ms. Donald's termination, Plaintiff has been damaged and is entitled to compensatory and punitive damages in an amount in excess of $25,000.00.

## COUNT 3
## AGE DISCRMINIATION

**III. That Ms. Donald's age motivated Defendants to terminate her employment and to deny her future employment after alleged layoff.**

58. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 57 and incorporates the same by reference herein as if again fully set forth.

59. Defendant negligently engaged in conduct, as previously described.

60. At the time of Ms. Donald's termination, she was over the age of forty ("40").

61. Ms. Donald was qualified and meet the legitimate expectations of Defendant, as evidenced by her evaluations.

62. Nonetheless, Defendant still terminated Ms. Donald and denied her priority to other available positions that she was more than qualified for.

63. That but for Ms. Donald being over the age of forty ("40"), Defendant would not have

eliminated her position nor denied her of future employment of vacant positions at the time of her alleged "layoff".

64. That Defendant's proffered reason for termination was merely pretextual.

65. That Defendant's extreme and outrageous conduct in terminating Ms. Donald has caused her to endure loss wages and fringe benefits.

66. That as a direct and proximate result of Ms. Donald's termination, Plaintiff has been damaged and is entitled to compensatory and punitive damages in an amount in excess of $25,000.00.

**WHEREFORE**, Plaintiff prays that:

1. She recovers damages, wages, benefits, and other compensation to which she is entitled, from defendant incurred and to be incurred in an amount in excess of $25,000.00;
2. That she recovers from Defendant compensatory and punitive damages in an amount to be determined at trial;
3. That Plaintiff's judgment bears such interest as is provided by law;
4. That Plaintiff's employment with Defendant be reinstated;
5. That Plaintiff is able to recover back pay from the Defendant;
6. That the costs of this action be taxed against Defendant and that Plaintiff recover her extensive relocation fees, attorney's fees and expenses and costs of litigation pursuant to 42 U.S.C § 1988;
7. And that all issues of fact be tried by jury, and that Plaintiff have such other and further relief as the court may deem just and proper.

Respectfully submitted this the 8th day of September 2022.

**RICHBERG LAW, PLLC**

 /s/ Shayla C. Richberg_____
Shayla C. Richberg
Attorney for the Plaintiff
3326 Durham-Chapel Hill Blvd B- 120A
Durham, NC 27707
Phone: 919.403.2444
Fax: 919.869.1440
Email: DefendMe@RichbergLaw.com

## CERTIFICATE OF SERVICE

       I certify that a true and correct copy of this document has been served upon Defendant and Defendant's registered, by using certified return receipt requested first-class mail, postage prepaid on September 8, 2022, at the contact information below:

Novant Health, Inc.
c/o Corporation Service Company
Registered Agents for Defendant
2626 Glenwood Avenue, Suite 500
Raleigh, NC 27608

                                          **RICHBERG LAW, PLLC**

                                    /s/ Shayla C. Richberg_____
                                    Shayla C. Richberg
                                    Attorney For Plaintiff
                                    3326 Durham-Chapel Hill Blvd B- 120A
                                    Durham, NC 27707
                                    Phone: 919.403.2444
                                    Fax: 919.869.1440
                                    Email: DefendMe@RichbergLaw.com