IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:22-CV-363-D

THERESA DONALD,              )
                             )
                  Plaintiff, )
                             )
         v.                  )        **ORDER**
                             )
NOVANT HEALTH, INC., d/b/a/  )
PRESBYTERIAN MEDICAL CENTER, )
                             )
                  Defendant. )

On September 8, 2022, Theresa Donald ("Donald" or "plaintiff") filed an employment discrimination action against Novant Health, Inc., d/b/a Presbyterian Medical Center ("Novant" or "defendant") [D.E. 1]. On November 11, 2022, Novant moved to dismiss the complaint for failure to state a claim upon which relief could be granted [D.E. 8]. See Fed. R. Civ. P. 12(b)(6). On November 22, 2022, Donald filed an amended complaint [D.E. 13]. On December 6, 2022, Novant moved to dismiss in part Donald's amended complaint [D.E. 14]. On April 18, 2023, Donald filed a second amended complaint [D.E. 25].

In her second amended complaint, Donald alleges four claims against Novant. See id. In count one, Donald alleges retaliation in violation of Title VII and contends that she experienced adverse employment action after complaining about race discrimination, including being demoted, stripped of responsibilities, being terminated from her employment on June 23, 2020, and failing to be rehired for another position on January 5, 2021. See id. at ¶¶ 55–70. In count two, Donald alleges race discrimination in violation of Title VII and 42 U.S.C. § 1981 and contends that Novant

terminated her employment on June 23, 2020, because of her race. See id. at ¶¶ 71–82.[1] In count three, Donald alleges age discrimination in violation of the Age Discrimination in Employment Act ("ADEA") and contends that Novant terminated her employment on June 23, 2020, and failed to rehire her on January 5, 2021, because of her age. Id. at ¶¶ 83–92. In count four, Donald alleges that Novant violated her right to equal protection under the North Carolina Constitution and the United States Constitution by not providing her with equal protection under company polices. Id. at ¶¶ 93–102.

On May 31, 2023, Novant moved to dismiss Donald's race discrimination claim in count two, portions of Donald's Title VII claim in count one, and portions of Donald's ADEA claim in count three as untimely and for failure to exhaust her administrative remedies. See [D.E. 26] 1. Novant also moved to dismiss Donald's equal protection claim in count four for failure to state a claim upon which relief can be granted. Id. On June 19, 2023, Donald responded in opposition [D.E. 29]. On July 5, 2023, Novant replied [D.E. 30]. As explained below, the court grants in part Novant's motion to dismiss and dismisses portions of Donald's second amended complaint.

I.

Donald is a "black woman over the age of 40" who worked at Novant from June 5, 2017, until Novant terminated her employment on June 23, 2020. See Second Am. Compl. ¶ 18. While employed at Novant, Donald repeatedly complained to Novant about perceived race discrimination within Novant. See id. at ¶¶ 20–36.

---

[1] The parties disagree about whether counts one and two contain 42 U.S.C. § 1981 claims, as opposed to Title VII claims, or both. See [D.E. 29] 6–9; [D.E. 30] 4–5. Having reviewed the second amended complaint, the court concludes that count one expressly references only Title VII and does not contain a section 1981 claim. See Second Am. Compl ¶¶ 56, 67. Count two in the second amended complaint, however, alleges race discrimination in violation of both Title VII and 42 U.S.C. § 1981. See id. at ¶¶ 71–82.

2

On June 23, 2020, Novant terminated Donald's employment. See id. at ¶ 37. After Novant terminated her employment, Novant told Donald that it would provide her with job assistance and hiring preference for other available positions within Novant. See id. at ¶ 40. On June 27, 2020, Donald applied for a vacant position as an Anatomical Pathology Supervisor at Novant, "which is the same position that was allegedly eliminated due to the COVID-19 layoff." Id. at ¶ 42. On January 5, 2021, Novant notified Donald that she was not selected for the position. See id. at ¶ 45.

On April 28, 2021, Donald filed her first charge of discrimination with the EEOC and alleged retaliation, race discrimination, and color discrimination under Title VII and age discrimination under the ADEA. See [D.E. 27-1]. Donald's EEOC charge alleges that Novant did not rehire Donald on January 5, 2021, in retaliation for Donald's complaints about race discrimination and due to her race, color, and age. See id. at 2–3.

II.

To withstand a Rule 12(b)(6) motion, a pleading "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotation omitted); see Bell Atl. Corp. v. Twombly, 550 U.S. 544, 554–63 (2007); Coleman v. Md. Ct. of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 566 U.S. 30 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008). In considering the motion, the court must construe the facts and reasonable inferences "in the light most favorable to the [nonmoving party]." Massey v. Ojaniit, 759 F.3d 343, 352 (4th Cir. 2014) (quotation omitted); see Clatterbuck v. City of Charlottesville, 708 F.3d 549, 557 (4th Cir. 2013), abrogated on other grounds by Reed v. Town of Gilbert, 576 U.S. 155 (2015). A court need not accept as true a complaint's legal conclusions, "unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 556 U.S. at 678–79. Rather, a plaintiff's factual allegations must

3

"nudge[ ] [her] claims," Twombly, 550 U.S. at 570, beyond the realm of "mere possibility" into "plausibility." Iqbal, 556 U.S. at 678–79.

When evaluating a motion to dismiss, a court considers the pleadings and any materials "attached or incorporated into the complaint." E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc., 637 F.3d 435, 448 (4th Cir. 2011); see Fed. R. Civ. P. 10(c); Goines v. Valley Cmty. Servs. Bd., 822 F.3d 159, 165–66 (4th Cir. 2016); Thompson v. Greene, 427 F.3d 263, 268 (4th Cir. 2005). A court may also consider a document submitted by a moving party if it is "integral to the complaint and there is no dispute about the document's authenticity." Goines, 822 F.3d at 166; Occupy Columbia v. Haley, 738 F.3d 107, 117 n.7 (4th Cir. 2013). Additionally, a court may take judicial notice of public records without converting a motion to dismiss into a motion for summary judgment. See, e.g., Fed. R. Evid. 201; Tellabs, Inc. v. Makor Issues & Rts., Ltd., 551 U.S. 308, 322 (2007); Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009).

Before a person may file a claim in court under Title VII or the ADEA, the person must file a charge of discrimination with the EEOC. See 42 U.S.C. § 2000e–5(f)(1); 29 U.S.C. § 626(d). An EEOC charge suffices "only if it is sufficiently precise to identify the parties, and to describe generally the action or practices complained of." Chacko v. Patuxent Inst., 429 F.3d 505, 508 (4th Cir. 2005) (quotation omitted); see Miles v. Dell, Inc., 429 F.3d 480, 491–92 (4th Cir. 2005). Moreover, the content of the EEOC charge determines the scope of plaintiff's right to maintain a Title VII or ADEA claim in court. See, e.g., Hentosh v. Old Dominion Univ., 767 F.3d 413, 416–17 (4th Cir. 2014), abrogated on other grounds by Fort Bend Cnty. v. Davis, 139 S. Ct. 1843 (2019); Bryant v. Bell Atl. Md., Inc., 288 F.3d 124, 132–33 (4th Cir. 2002). "Only those discrimination claims stated in the initial charge, those reasonably related to the original complaint, and those developed by reasonable investigation of the original complaint may be maintained in a subsequent

4

Title VII [or ADEA] lawsuit." Evans v. Techs. Applications & Serv. Co., 80 F.3d 954, 963 (4th Cir. 1996); see Sydnor v. Fairfax Cnty., 681 F.3d 591, 594 (4th Cir. 2012); Miles, 429 F.3d at 491–92; Bryant, 288 F.3d at 132–33. "Thus, a claim in formal litigation will generally be barred if the EEOC charge alleges discrimination on one basis, such as race, and the formal litigation claim alleges discrimination on a separate basis, such as sex." Jones v. Calvert Grp., Ltd., 551 F.3d 297, 300 (4th Cir. 2009), abrogated on other grounds by Fort Bend Cnty. v. Davis, 139 S. Ct. 1843 (2019); Bonds v. Leavitt, 629 F.3d 369, 379 (4th Cir. 2011). The same principle applies with respect to a plaintiff who files an EEOC charge with respect to one adverse employment action (such as a failure to rehire), but then seeks to expand the formal litigation claim to a separate adverse employment action (such as an earlier termination). See Bonds, 629 F.3d at 379–80; Jones, 551 F.3d at 300; Miles, 429 F.3d at 491–92; Chacko, 429 F.3d at 509; Bryant, 288 F.3d at 132–33; Evans, 80 F.3d at 963. The rationale behind these principles concerning the scope of an EEOC charge relates to providing fair notice to an employer concerning a charge and to permitting the EEOC to investigate and (if appropriate) resolve the dispute without a lawsuit. See, e.g., Chacko, 429 F.3d at 508–09, 513; Miles, 429 F.3d at 491.

Under Title VII and the ADEA, Donald had to file her EEOC charge within 180 days of the alleged adverse employment action. See, e.g., 42 U.S.C. § 2000e-5(e)(1), (f)(1); 29 U.S.C. § 626(d); Davis, 139 S. Ct. at 1846; Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 109–15 (2002); EEOC v. Com. Off. Prods. Co., 486 U.S. 107, 110 (1988); Williams v. Giant Food Inc., 370 F.3d 423, 428 (4th Cir. 2004); Bryant, 288 F.3d at 132; Coleman v. Altec, Inc., No. 5:16-CV-954, 2018 WL 4289610, at *2 (E.D.N.C. Sept. 7, 2018) (unpublished); Young v. Onslow Water & Sewer Auth., No. 7:16-CV-259, 2018 WL 405975, at *4 (E.D.N.C. Jan. 12, 2018) (unpublished); Barcliff v. N.C. League of Municipalities, No. 5:10-CV-244, 2011 WL 3290578, at *2 (E.D.N.C. Aug. 1, 2011)

5

(unpublished); Bratcher v. Pharm. Prod. Dev., Inc., 545 F. Supp. 2d 533, 539 (E.D.N.C. 2008); McDougal-Wilson v. Goodyear Tire & Rubber Co., 427 F. Supp. 2d 595, 606 n.3 (E.D.N.C. 2006). If a party fails to timely file an EEOC charge, the party "lose[s] the ability to recover for" that claim because the claim is not "actionable." Morgan, 536 U.S. at 110, 113. Only adverse employment actions "that took place within the timely filing period are actionable." Id. at 114; see Ledbetter v. Goodyear Tire & Rubber Co., 550 U.S. 618, 623–24 (2007), superseded by statute on other grounds, Lilly Ledbetter Fair Pay Act of 2009, Pub. L. No. 111-2, 123 Stat. 5; Williams, 370 F.3d at 428; Evans, 80 F.3d at 963; Coleman, 2018 WL 4289610, at *2; Young, 2018 WL 405975, at *4–5; Cooper v. Smithfield Packing Inc., No. 5:10-CV-479, 2011 WL 3207912, at *3 (E.D.N.C. July 27, 2011) (unpublished); Barcliff, 2011 WL 3290578, at *4; McDougal-Wilson, 427 F. Supp. 2d at 606 n.3.

On April 28, 2021, Donald filed her first charge with the EEOC and alleged retaliation, race discrimination, color discrimination, and age discrimination concerning her failure to be rehired on January 5, 2021. See [D.E. 27-1]. October 30, 2020, was 180 days before Donald filed her EEOC charge. Donald cannot pursue a retaliation claim under Title VII in count one, a race or color discrimination claim under Title VII in count two, or an ADEA claim in count three for adverse employment action that occurred before October 30, 2020. See, e.g., Morgan, 536 U.S. at 109–15; Hentosh, 767 F.3d at 417–18; Williams, 370 F.3d at 428; Evans, 80 F.3d at 963; Coleman, 2018 WL 4289610, at *2; Young, 2018 WL 405975, at *4; Roach v. Hilton World-Wide, Inc., No. 5:12-CV-309, 2013 WL 556195, at *2 (E.D.N.C. Feb. 12, 2013) (unpublished), aff'd, 533 F. App'x 341 (4th Cir. 2013) (per curiam) (unpublished). Thus, the court dismisses any part of Donald's Title VII retaliation claim in count one and any part of her ADEA claim in count three concerning any adverse employment action that occurred before October 30, 2020, including her employment termination

on June 23, 2020. Such claims are untimely and unexhausted. Likewise, because Donald's Title VII claim in count two only concerns her termination on June 23, 2020, and because the claim is untimely and unexhausted, the court dismisses Donald's Title VII claim in count two. Donald's Title VII retaliation claim in count one and her ADEA claim in count three concerning Novant's failure to rehire her on January 5, 2021, are not time-barred or unexhausted. Thus, those claims survive.

In opposition to the conclusion that Donald cannot pursue relief under Title VII or the ADEA in this action for any adverse employment action that occurred before October 30, 2020, Donald argues that equitable tolling should apply. See [D.E. 29] 8–9, 13–14. The 180-day time requirement for filing an EEOC charge is subject to equitable tolling. See Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1982).

"Generally, a litigant seeking equitable tolling bears the burden of establishing two elements." Menominee Indian Tribe of Wis. v. United States, 577 U.S. 250, 256 (2016) (quotation omitted); see Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). Equitable tolling requires a litigant to establish: "(1) that [she] has been pursuing [her] rights diligently, and (2) that some extraordinary circumstance stood in [her] way and prevented timely filing." Menominee Indian Tribe of Wis., 577 U.S. at 255 (quotation omitted). The "second prong of the equitable tolling test is met only where the circumstances that caused a litigant's delay are both extraordinary and beyond its control." Id. at 257; see Credit Suisse Secs. (USA) LLC v. Simmonds, 566 U.S. 221, 227 (2012); Pace, 544 U.S. at 418; Jackson v. Kelly, 650 F.3d 477, 491–92 (4th Cir. 2011); Green v. Johnson, 515 F.3d 290, 304 (4th Cir. 2008).

Courts have applied equitable tolling in "two generally distinct kinds of situations." Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000) (quotation omitted). "In the first, the plaintiffs were prevented from asserting their claims by some kind of wrongful conduct on the part of the

7

defendant. In the second, extraordinary circumstances beyond plaintiffs' control made it impossible to file the claims on time." Id. (quotation omitted). "But any invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." Id.; see Irwin v. Dep't of Veterans Affs., 498 U.S. 89, 96 (1990). "To apply equity generously would loose the rule of law to whims about the adequacy of excuses, divergent responses to claims of hardship, and subjective notions of fair accommodation." Harris, 209 F.3d at 330. "[A]ny resort to equity must be reserved for those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Id.; see Menominee Indian Tribe of Wis., 577 U.S. at 255–57; Pace, 544 U.S. at 418–19; Irwin, 498 U.S. at 96; Baldwin Cnty. Welcome Ctr. v. Brown, 466 U.S. 147, 151–52 (1984) (per curiam); Rouse v. Lee, 339 F.3d 238, 246–57 (4th Cir. 2003) (en banc); English v. Pabst Brewing Co., 828 F.2d 1047, 1049–51 (4th Cir. 1987); Felty v. Graves-Humphreys Co., 818 F.2d 1126, 1128–29 (4th Cir. 1987); Harvey v. City of New Bern Police Dep't, 813 F.2d 652, 654 (4th Cir. 1987); Price v. Litton Bus. Sys., Inc., 694 F.2d 963, 965–66 (4th Cir. 1982); Lawson v. Burlington Indus., Inc., 683 F.2d 862, 864 (4th Cir. 1982).

"Equitable tolling is a narrow limitations exception . . . ." Olson v. Mobil Oil Corp., 904 F.2d 198, 201 (4th Cir. 1990). "Courts cannot countenance ad hoc litigation for every missed deadline. The repose that statutes of limitations provide will be lost if their applicability is 'up for grabs' in every case." Id. (quoting English, 828 F.2d at 1049). "At some point, the right to be free of stale claims comes to prevail over the right to prosecute them." Id. (cleaned up). "The limitations period will not be tolled unless an employee's failure to timely file results from either a deliberate

8

design by the employer or actions that the employer should unmistakably have understood would cause the employee to delay filing his charge." Id. (quotation omitted).

Donald is not entitled to equitable tolling. In her second amended complaint, Donald alleges no wrongful conduct by Novant. Rather, she alleges that an unidentified person at EEOC led Donald to believe that she could not file an EEOC charge unless Donald had direct evidence of race discrimination. See Second Am. Compl. ¶ 39. Putting aside the inherent implausibility of any EEOC employee making such a statement, the alleged statement of the unidentified EEOC employee does not qualify as an "extraordinary" circumstance "beyond plaintiff's control" that "made it impossible to file" an EEOC charge within 180 days of any adverse employment action. Harris, 209 F.3d at 330; see Menominee Indian Tribe of Wis., 577 U.S. at 255–57; Simmonds, 566 U.S. at 227; Pace, 544 U.S. at 418; Irwin, 498 U.S. at 96; Olson, 904 F.2d at 201. Thus, equitable tolling does not apply.

In Donald's memorandum, Donald tries to save her equitable tolling argument by claiming that Novant wrongly misled her about her termination. See [D.E. 29] 8–9. Donald's new theory, however, contradicts the explanation in the second amended complaint for why Donald failed to timely file an EEOC charge. See Second Am. Compl. ¶ 39. Thus, the court declines to consider the argument. Alternatively, even if the court considered the argument, the argument fails to qualify as wrongful conduct by Novant that Novant unmistakably should have understood would cause Donald to delay filing an EEOC charge or "extraordinary" circumstance "beyond plaintiff's control" that "made it impossible to file" an EEOC charge within 180 days of Donald's termination. Harris, 209 F.3d at 330; see Menominee Indian Tribe of Wis., 577 U.S. at 255–57; Simmonds, 566 U.S. at 227; Pace, 544 U.S. at 418; Irwin, 498 U.S. at 96; Olson, 904 F.2d at 201.

9

As for Donald's race discrimination claim under 42 U.S.C. § 1981 in count two, section 1981 does not require exhaustion of administrative remedies before filing suit. Moreover, a four-year statute of limitations applies to section 1981 claims. See 28 U.S.C. § 1658; Jones v. R.R. Donnelley & Sons Co., 541 U.S. 369, 383–84 (2004). Thus, Donald's section 1981 claim in count two is timely and survives.

As for Donald's equal protection claim in count four, Donald fails to state a claim upon which relief can be granted. Novant is not a state actor, and Donald cannot recover under the Equal Protection Clause of the United States Constitution or the North Carolina Constitution against Novant. See United States v. Morrison, 529 U.S. 598, 621–22 (2000); Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49–58 (1999); Nat'l Collegiate Athletic Ass'n v. Tarkanian, 488 U.S. 179, 197 n.18 (1988); Blum v. Yaretsky, 457 U.S. 991, 1002–05 (1982); Rendell-Baker v. Kohn, 457 U.S. 830, 839–43 (1982); Jackson v. Metro. Edison Co., 419 U.S. 345, 350–54 (1974); Master v. Country Club of Landfall, 263 N.C. App. 181, 187–88, 823 S.E.2d 115, 120 (2018); Johnson v. Mayo Yarns, Inc., 126 N.C. App. 292, 294, 484 S.E.2d 840, 842–43 (1997).

In opposition, Donald argues that her equal protection claim in count four is really a section 1981 claim. See [D.E. 29] 15–17. It is not. See Second Am. Compl. ¶¶ 93–102. Moreover, Donald cannot use briefing in opposition to Novant's motion to dismiss to amend her complaint. See, e.g., U.S. ex rel. Carter v. Halliburton Co., 866 F.3d 199, 210 n.6 (4th Cir. 2017); Murray Energy Corp. v. Adm'r of Envt'l Prot. Agency, 861 F.3d 529, 537 n.5 (4th Cir. 2017); vonRosenberg v. Lawrence, 849 F.3d 163, 167 n.1 (4th Cir. 2017); S. Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC, 713 F.3d 175, 184 (4th Cir. 2013); see also Wahi v. Charleston Area Med. Ctr., Inc., 562 F.3d 599, 617 (4th Cir. 2009); Cloaninger v. McDevitt, 555 F.3d 324, 336 (4th Cir. 2009); Shinaberry v. Town of Murfreesboro, No. 2:17-CV-7, 2019 WL 5446712, at *5 n.4

10

(E.D.N.C. Oct. 23, 2019) (unpublished); Optima Tobacco Corp. v. U.S. Flue-Cured Tobacco Growers, Inc., No. 5:16-CV-889, 2019 WL 4858848, at *8 (E.D.N.C. Sept. 30, 2019) (unpublished); United States for Graybar Elec. Co., Inc. v. TEAM Constr., LLC, 275 F. Supp. 3d 737, 748 n.3 (E.D.N.C. 2017).

III.

In sum, the court GRANTS IN PART defendant's motion to dismiss portions of plaintiff's second amended complaint [D.E. 26]. The court DISMISSES as untimely and unexhausted plaintiff's Title VII claim in count one and ADEA claim in count three concerning any adverse employment action that occurred before October 30, 2020. The court DISMISSES plaintiff's Title VII claim in count two as untimely and unexhausted. The court DISMISSES plaintiff's equal protection claim in count four for failure to state a claim upon which relief can be granted.

SO ORDERED. This _1_ day of September, 2023.

JAMES C. DEVER III
United States District Judge

Case 5:22-cv-00363-D-KS   Document 34   Filed 09/01/23   Page 11 of 11