IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:22-CV-363-D-KS

| | | |
|---|---|---|
| THRESEA DONALD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| NOVANT HEALTH, INC. d/b/a | ) | |
| PRESBYTERIAN MEDICAL CENTER, and | ) | |
| NOVANT HEALTH ROWAN MEDICAL | ) | |
| CENTER, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

The following motions are before the court for disposition:

1.     Plaintiff's Motion to Quash and for Protective Order [DE #55];

2.     Defendants' Motion Seeking a Determination of a Claim of Privilege or Work Product Protection and Extension of Time to Take an Expert Deposition Out of Time [DE #60];

3.     Defendants' Motion to File Provisionally Sealed Exhibits Manually [DE #74];

4.     Plaintiff's Motion to Strike Defendants' Filings in DE ##60–74 [DE #75];

5.     Defendants' Motion to Strike Plaintiff's Reply [DE #78]; and

6.     Defendants' Motion to Strike Plaintiff's Rebuttal Expert Designation and Report [DE #80].

## I. Motions Relating to Claims of Privilege and Work Product

Most motions center around a discovery dispute regarding Dr. April Harris-Britt, a non-treating expert psychologist whom Plaintiff intends to use at trial to present evidence regarding Plaintiff's claim for emotional distress damages. (*See* Pl.'s Mot. Quash [DE #55] at 1.)

### A. Timeline of the Dispute

On November 11, 2024, Plaintiff served on Defendants an expert witness designation and report regarding Dr. Harris-Britt. (Pl.'s Mot. Quash, Ex. A [DE #55-1] ("Harris-Britt Designation & Report").) On November 14, 2024, Defendants served a subpoena for the deposition of Dr. Harris-Britt at an email address provided by Plaintiff's counsel and at which Plaintiff's counsel had expressly stated Dr. Harris-Britt would accept service. (Defs.' Resp. Opp'n Mot. Quash, Ex. A [DE #59-1] at 30 (email from Plaintiff's counsel), 43 (email from Dr. Harris-Britt's practice administrator acknowledging receipt of subpoena and stating that Dr. Harris-Britt was out of the office until November 18, 2024; Pl.'s Mot. Quash, Ex. B [DE #55-2] ("Harris-Britt Subpoena").) The subpoena noticed the deposition for December 11, 2024, at the Raleigh office of defense counsel's law firm and commanded the production of documents and information related to Dr. Harris-Britt's evaluation of Plaintiff by November 27, 2024. (Harris-Britt Subpoena.) The deposition date and location were decided through a series of email communications between defense counsel and Plaintiff's counsel on the morning of November 14, 2024. (Defs.' Resp. Opp'n Mot. Quash, Ex. A at 12, 19, 23, 26, 30.) These emails also include a copy of the

subpoena (*id.* at 12–13) and a request from defense counsel for any objections to the subpoena (*id.* at 23).[1]

On November 18, 2024, Dr. Harris-Britt's practice administrator sent an email to defense counsel and Plaintiff's counsel, stating:

> Good afternoon, Dr. Harris-Britt had an Expert Service contract with [Plaintiff's counsel] concerning the Donald case and all records were supplied by her and her office. Therefore the records in question are under the attorney client privilege.

(Pl.'s Mot. Quash, Ex. C [DE #55-3].) Plaintiff characterizes this November 18, 2024, email from Dr. Harris-Britt's practice administrator as an objection to the subpoena. (Pl.'s Mot. Quash at 2; Pl.'s Mem. Supp. Mot. Quash [DE #56] at 2.)

Defense counsel responded to the above-quoted email from Dr. Harris-Britt's practice administrator, contending that the "blanket objection" from the practice administrator was (i) an improper response to the subpoena, and (ii) meritless because the subpoena's request for documents and information fell within the exceptions in Fed. R. Civil P. 26(b)(4)(C)(i)–(iii) to the attorney-client privilege and otherwise requested documents that "have nothing to do with communications with counsel." (Defs.' Resp. Opp'n Mot. Quash, Ex. A at 46.) Plaintiff's counsel responded, stating that the practice administrator's "email was only notifying you that all responsive documents to your subpoena have already been served by me with my initial Rule 26 disclosures." (*Id.* at 51.) Defense counsel responded, reiterating

---

[1] Rule 45(a)(4) requires that a party serving a subpoena for documents, electronically stored information, or tangible things provide advance notice and a copy of the subpoena to the opposing party. Fed. R. Civ. P. 45(a)(4).

Defendants' request that Dr. Harris-Britt produce the documents pursuant to the subpoena. (*Id.* at 58.)

On November 20, 2024, defense counsel sent an email to Plaintiff's counsel, Dr. Harris-Britt, and the practice administrator asking for an update. (Defs.' Resp. Opp'n Mot. Quash, Ex. A at 65.) Dr. Harris-Britt responded that she had been out of the office and would "review and respond" as soon as she could. (*Id.* at 73.)

On November 25, 2024, defense counsel again emailed Plaintiff's counsel, Dr. Harris-Britt, and the practice administrator asking for an update about the subpoenaed documents. (Defs.' Resp. Opp'n Mot. Quash, Ex. A at 83.) On November 27, 2024, Dr. Harris-Britt responded to this email with a Google Drive link which Dr. Harris-Britt described as including "all of my notes and records for this case." (Defs.' Resp. Opp'n Mot. Quash, Ex. A at 93.)

Less than an hour after Dr. Harris-Britt sent the email containing the Google Drive link, Plaintiff's counsel sent an email, stating:

> I object to all data that was just disclosed and will be filing a motion to exclude the information. I was not consulted and the information released is privileged.

(Defs.' Resp. Opp'n, Ex. A at 101.) About an hour after receiving this email from Plaintiff's counsel, defense counsel sent an email to Plaintiff's counsel, Dr. Harris-Britt, and the practice administrator reiterating defense counsel's position about Plaintiff's counsel's privilege claim. (*Id.* at 100.) Plaintiff's counsel responded: "You are not a medical provider testing data cannot be released to you. I will address this in my motion." (*Id.* at 109.) Defense counsel responded, stating that (i) defense

4

counsel and Plaintiff's counsel could discuss the matter on Monday, December 2, 2024; (ii) the testing data forms the basis of Dr. Harris-Britt's expert report and is therefore discoverable; and (iii) Plaintiff's medical documentation had already been produced and "is appropriate for discovery when a plaintiff claims emotional distress." (*Id.*)

On December 2, 2024, counsel for both parties held a telephonic meet-and-confer regarding the dispute. After the call, defense counsel sent an email to Plaintiff's counsel asking that she confirm in writing to "which categories and documents in the expert production folder" Plaintiff's counsel objected and the grounds for each objection. (Defs.' Resp. Opp'n at 3 and Ex. A at 121.) Defense counsel explained:

> Based on our call, it is unclear to me which categories and documents in the expert production folders you are objecting to, inasmuch as you indicated you had not studied them in advance of the call and were surprised there were eight categories of documents identified.

> The following categories of documents have been produced, please respond as to each one to which you are objecting to my use at the deposition and the grounds:

> > [listing eight categories of documents and describing included documents]

It does not appear that Plaintiff's counsel responded to this email. Instead, on December 4, 2024, Plaintiff's counsel filed the instant motion to quash. (Pl.'s Mot. Quash.) While Plaintiff's motion to quash states that she made "a good faith effort to resolve the production issue with Defendants before seeking court intervention,"

5

Plaintiff's motion provides no details about what efforts were undertaken before the filing of the motion. (Pl.'s Mot. Quash; Pl.'s Mem. Supp. Mot. Quash.)

On December 5, 2024, Dr. Harris-Britt's practice administrator emailed counsel for both parties requesting confirmation of the time and payment for the deposition of Dr. Harris-Britt which had been noticed for December 11, 2024. (Defs.' Resp. Opp'n, Ex. A at 125.) Defense counsel responded to the practice administrator, Dr. Harris-Britt, and Plaintiff's counsel indicating that because Plaintiff's counsel had moved to quash the subpoena the day prior, the deposition would be postponed and rescheduled to a date after the court's ruling on the motion. (*Id.*)[2]

Defense counsel sent a follow-up email on December 9, 2024, "in an ongoing effort to meet and confer in good faith" regarding the discovery dispute. (Defs.' Resp. Opp'n, Ex. A at 140.) Defense counsel explained:

> I intend to present the information under seal . . . for a determination of the alleged privileged nature of the claims. As such, in order to avoid unnecessarily burdening the Court, and in an effort to consult as we are required to do, I am asking you again to please advise as to (a) which categories, and (b) which documents within the categories, on which you are objecting on the grounds of privilege . . . .

(*Id.*)

---

[2] Plaintiff's motion to quash and supporting memorandum omit reference to the email communications (i) on November 14, 2024, containing the copy of the subpoena from defense counsel to Plaintiff's counsel; and (ii) from November 27, 2024, indicating Plaintiff's counsel's objection to the document production, through December 5, 2024, which includes the post-meet-and-confer email from defense counsel requesting specificity as to the bases for Plaintiff's objections. (Pl.'s Mot. Quash at 2–3; Pl.'s Mem. Supp. Mot. Quash at 1–2.)

On December 17, 2024, Defendants filed their brief in opposition to Plaintiff's motion to quash. (Defs.' Resp. Opp'n Mot. Quash.) Defendants also filed a motion for determination of Plaintiff's claim of privilege or work-product protection and for leave to take the deposition of Dr. Harris-Britt out of time. (Defs.' Mot. Determination Privilege [DE #60]; Defs.' Mem. Supp. Mot. Determination Privilege [DE #61].)[3]

On December 20, 2024, Plaintiff filed a reply to Defendants' response in opposition to the motion to quash. (Pl.'s Reply [DE #77].) Defendants moved to strike this reply on December 23, 2024. (Defs.' Mot. Strike Reply [DE #78].)

## B.    Substance of the Subpoena

The subpoena of Dr. Harris-Britt requests two things: (1) Dr. Harris-Britt's appearance for deposition on December 11, 2024, at 10:00 a.m., in Raleigh, and (2) Dr. Harris-Britt's production of documents and information related to her evaluation of Plaintiff. (Harris-Britt Subpoena at 1, 4–6.) The subpoena breaks down the requested documents into thirteen numbered paragraphs. (*Id.* at 5–6.) Pertinent to the parties' dispute are Paragraphs 5 and 10 of the subpoena. Paragraph 5 requests

> [a]ny and all documents used in preparing the "Results of Psychological Testing" as set forth on pages 8–10 of the Confidential Psychological Evaluation, including, without limitation, the underlying tests, [Plaintiff]'s answers and responses to the tests, and any self-ratings prepared by [Plaintiff], [and] all analyses of the tests.

(*Id.* at 5.) Paragraph 10 of the subpoena requests

---

[3] Defendants also filed several provisionally sealed attachments, pursuant to Fed. R. Civ. P. 45(e)(2)(B), which Plaintiff has moved to strike. (Defs.' Proposed Sealed Exs. [DE ##62–72]; Defs.' Mot. File Sealed Exs. Manually [DE #74]; Pl.'s Mot. Strike [DE #75]; Pl.'s Mem. Supp. Mot. Strike [DE #76]; Defs.' Resp. Opp'n Pl.'s Mot. Strike [DE #79].) These motions will be analyzed after analysis of the motion to quash.

[a]ll communications with counsel for [Plaintiff] which:

(i)     relate to compensation for your study or testimony;

(ii)    identify facts or data that counsel for [Plaintiff] provided and that you considered in forming the opinions to be expressed; or

(iii)   identify assumptions that counsel for [Plaintiff] provided and that you relied on in forming the opinions to be expressed.

(*Id.* at 6.)

### C.   Analysis

#### 1.   Motion to Strike Plaintiff's Reply [DE #78]

The court first considers Defendants' motion to strike Plaintiff's reply brief. Under this court's local rules, replies to discovery motions are not allowed. *See* Local Civ. R. 7.1(g)(2) (E.D.N.C. May 2023) (cross-referencing Local Civ. R. 26.1(d)(3) for the same proposition). For purposes of this rule, "discovery motion" is

> any motion or other request to the court that seeks to enforce, use, regulate, extend, modify, nullify, or limit any of the procedures described in any of Rules 26 through 37 of the Federal Rules of Civil Procedure or in any of Local Civil Rules 26.1, 30.1, 33.1, 34.1, or 36.1. ***A motion or other request to the court that seeks to enforce, use, regulate, extend, modify, quash, or limit any pretrial civil subpoena is likewise a discovery motion.***

Local Civ. R. 7.1(c)(1) (E.D.N.C. May 2023) (emphasis added).

On December 20, 2024, Plaintiff filed a reply to Defendants' response in opposition to Plaintiff's motion to quash. (Pl.'s Reply [DE #77].) Plaintiff did not move for leave of court to file the reply. (*See id.*) On December 23, 2024, Defendants moved to strike Plaintiff's reply based on Local Civil Rules 7.1(g)(2) and 26.1(d)(3). (Defs.' Mot. Strike Reply.) Plaintiff then filed an opposition brief in which she argues (i) her

December 20, 2024, reply was not filed in connection with a discovery dispute, and (ii) even if the reply was filed in connection with a discovery dispute, "an exception to file a reply should be allowed to prevent further prejudice to the Plaintiff." (Pl.'s Resp. Opp'n Defs.' Mot. Strike Reply [DE #85] at 4–6.) In her opposition brief, Plaintiff quotes Local Civil Rule 7.1(c)(1) but omits the final sentence of the rule (emphasized above) which specifically includes motions to quash as discovery motions. (Pl.'s Resp. Opp'n Defs.' Mot. Strike Reply at 4.) Plaintiff asks this court to grant an exception to the prohibition of replies in discovery disputes. (*Id.* at 6.)

The reply filed by Plaintiff on December 20, 2024, is related to Plaintiff's motion to quash the subpoena issued by Defendants to Dr. Harris-Britt. (Pl.'s Reply at 1) (noting that the "matter is before the Court on Plaintiff's Motion to Quash and Motion for a Protective Order pursuant to Rule 26(b) and (c) and 45(d)(3) of the Federal Rules of Civil Procedure). Therefore, Plaintiff's reply was made in connection with a discovery motion as contemplated by Local Civil Rule 7.1(c)(1). Plaintiff did not obtain leave of court to file the reply, and therefore the reply was filed in contravention of this court's local rules. Plaintiff's legal position is belied by her omission of Local Civil Rule 7.1(c)(1)'s full text. Moreover, Plaintiff has not demonstrated that a reply is necessary to this run-of-the-mill discovery dispute. Accordingly, Defendants' motion to strike Plaintiff's reply is granted, and Plaintiff's reply is stricken. The court will not consider Plaintiff's reply when analyzing the motion to quash.

2. Motion to Quash [DE #55]

Plaintiff raises four arguments in her motion to quash: (i) the subpoena exceeds the scope of discovery under Rule 26 because it requests information beyond what Rule 26(a)(2)(C) requires (Pl.'s Mem. Supp. Mot. Quash at 3–4); (ii) the subpoena requests material that is either privileged or protected under the attorney work-product doctrine (*id.* at 4–6) (specifically arguing that the requests in Paragraphs 2, 3, 4, 7, and 10 seek privileged or protected information); (iii) the subpoena requests information that is protected under the professional ethical guidelines of the American Psychological Association ("APA") that apply to Dr. Harris-Britt (*id.* at 6–7); and (iv) the subpoena imposes an undue burden on Dr. Harris-Britt and Plaintiff's counsel based on the service/receipt date (*id.* at 7–8). For the reasons explained below, the court overrules Plaintiff's objections to the subpoena.

Plaintiff's scope, privilege, and work-product protection arguments are foreclosed by the plain language of Rule 26 and the subpoena. Preliminarily, Plaintiff's reliance on Rule 26(a)(2)(C) is misplaced—it is Rule 26(a)(2)(B) that applies. *Compare* (Pl.'s Mem. Supp. Mot. Quash at 4) *with* Fed. R. Civ. P. 26(a)(2)(B). Rule 26 requires that a party who has retained an expert to testify at trial disclose information that might otherwise be privileged or protected. *See* Fed. R. Civ. P. 26(b)(4)(C) & advisory committee's note to 2010 amendment ("[T]he intention is that 'facts or data' be interpreted broadly to require disclosure of any material considered by the expert, from whatever source, that contains factual ingredients. The disclosure obligation extends to any facts or data 'considered' by the expert in forming the

opinions to be expressed, not only those relied upon by the expert."); *Carroll Co. v. Sherwin-Williams Co.*, No. 1:11-CV-1700-WMN, 2012 WL 48461667, at *3 (D. Md. Oct. 10, 2012) (discussing 2010 amendment to Rule 26(b)(4)(C)). Paragraph 10 of the subpoena mimics the language in Rule 26(b)(4)(C), and Paragraphs 2 and 7 of the subpoena specifically cross-reference Paragraph 10. (Harris-Britt Subpoena at 5–6.) Paragraphs 3 and 4 of the subpoena request information that is discoverable under Rule 26 as they relate to information relied upon by the expert in forming her opinions. (*See* Harris-Britt Subpoena at 5.) However, to the extent Paragraph 3 may demand "communications about the potential relevance of the facts or data," those communications are protected. *See* Fed. R. Civ. P. 26 advisory committee's note to 2010 amendment. Lastly, Plaintiff's reliance on *Sharpe v. R.L.*, Nos. 4:21-CV-185-BO, 4:22-CV-88-BO, 2024 U.S. Dist. LEXIS 89750 (E.D.N.C. May 16, 2024), and *State Farm Fire & Cas. Co. v. Admiral Ins. Co.*, 225 F. Supp. 3d 474 (D.S.C. 2016), is not persuasive as those cases did not involve a claim of work-product protection regarding an expert retained under Rule 26(a)(2)(B). (*See* Pl.'s Mem. Mot. Quash at 5–6.) Accordingly, Plaintiff has failed to show that the subpoena exceeds the permissible scope of discovery or seeks information that is privileged or protected.

Plaintiff's argument based on professional ethical guidelines for Dr. Harris-Britt and relying on *Collins v. TIAA-CREF*, No. 3:06-CV-304, 2008 WL 3981462 (W.D.N.C. Aug. 22, 2008), is rejected. First, Dr. Harris-Britt has never raised this objection. *See Ameller ex rel. S.A. v. Ober Gatlinburg*, ___ F.R.D. ___, ___, 2025 WL 255450, at *2 (E.D. Tenn. 2025) (party lacks standing to assert ethical or professional

responsibilities of his expert). Dr. Harris-Britt only objected based on attorney-client privilege. *Compare* (Pl.'s Mot. Quash, Ex. C) *with Collins*, 2008 WL 3981462, at *3. Second, the reasoning in *Bain v. Wrend*, No. 5:15-CV-202, 2017 WL 11505976, at *2 (D. Vt. Sept. 6, 2017), cited by Defendants, is more persuasive as it balances the ethical considerations for psychologists and the commercial aspect of certain psychological tests with the requirements of Rule 26. *See id.* (noting there would be "no way to check the quality and accuracy of the [expert psychologist]'s work" without disclosure). Notably, the court in *Bain* ordered disclosure of the underlying psychological testing materials subject to a protective order that limited disclosure to "a defense psychologist or other expert and defense counsel for purposes of this case only." *Id.* at *3. The court discerns no reason why such a protective order would not adequately address any concern regarding the commercial aspect of the testing materials and data in this case. (*See* Defs.' Resp. Opp'n Mot. Quash at 9 (noting several cases adopting the approach in *Bain*). Defendants assert that the protective order previously entered in the case [DE #52] "obviates any [APA] concerns." (*Id.*) If Plaintiff and her expert believe the protective order does not adequately safeguard against inappropriate disclosure of psychological testing material and raw data, they should initiate a meet-and-confer with opposing counsel to discuss appropriate modification of the protective order.

Moreover, the subpoena imposes no undue burden on either Dr. Harris-Britt or Plaintiff's counsel. The deposition date was arrived at through communications between defense counsel and Plaintiff's counsel, with Plaintiff's counsel presumably

communicating with Dr. Harris-Britt about her availability. (Defs.' Resp. Opp'n Mot. Quash, Ex. A at 12, 19, 23, 26, 30.) Contrary to Plaintiff's claim that Dr. Harris-Britt's office "did not receive Defendants['] subpoena until November 18, 2024," (Pl.'s Mem. Supp. Mot. Quash at 7), Dr. Harris-Britt's office received the subpoena on November 14, 2024. (Defs.' Resp. Opp'n Mot. Quash, Ex. A at 30, 43). In accordance with Rule 45(a)(4), a copy of the subpoena was also served on Plaintiff's counsel on November 14, 2024, with an express request from defense counsel for any objections. (Defs.' Resp. Opp'n Mot. Quash, Ex. A at 12, 23.) Part of the purpose for Rule 45's requirement that non-party subpoenas be served on a party is "to allow a party to object to both the substance of the subpoena and its service on the nonparty." *EEOC v. Bojangles' Rests., Inc.*, No. 5:16-CV-654-BO, 2017 WL 2889493, at *2 (E.D.N.C. July 6, 2017) (quoting *Solais v. Vesuvio's II Pizza & Grill, Inc.*, No. 1:15-CV-227, 2015 WL 6110859, at *5 (M.D.N.C. Oct. 16, 2015)). In this instance, eight full business days was a reasonable time for Plaintiff's counsel to have reviewed the subpoena, conferred with Dr. Harris-Britt if desired, and served any objections on defense counsel, considering the routine nature of the requests in the subpoena. Moreover, the production of documents and information by Dr. Harris-Britt on November 27, 2024, indicates that no undue burden was imposed on Dr. Harris-Britt by the subpoena.[4] Accordingly, Plaintiff's motion to quash is denied.

---

[4] Plaintiff refers to this production as "inadvertent." (Pl.'s Mot. Quash at 3; Pl.'s Mem. Supp. Mot. Quash at 2, 8.) Given the communications between defense counsel, Plaintiff's counsel, and Dr. Harris-Britt and her office, and the time period over which those communications occurred, the characterization of the disclosure as inadvertent is rejected.

13

3. Motion for Determination of a Claim of Privilege & Related Motions

Contemporaneously with their opposition brief to Plaintiff's motion to quash, Defendants moved for determination of a claim of privilege or work-product protection regarding the documents produced by Dr. Harris-Britt and for leave to depose Dr. Harris-Britt out of time. (Defs.' Mot. Determination Privilege; Defs.' Mem. Supp. Mot. Determination Privilege.) Pursuant to Rule 45(e)(2)(B), Defendants also filed the documents produced by Dr. Harris-Britt under provisional seal. (Defs.' Mem. Supp. Mot. Determination Privilege, Exs. B–N [DE ##61-2 through 61-13; DE ##62–72]; Defs.' Mot. Leave File Manually [DE #74].) Plaintiff has moved to strike Defendants' filings. Plaintiff reiterates previous arguments regarding privilege and work-product protection and argues that Defendants' filing of provisionally sealed documents violates the Federal Rules of Civil Procedure, this court's local rules, the protective order in this case, and the North Carolina Rules of Professional Conduct. (Pl.'s Mot. Strike [DE #75] & Ex. 3 [DE #75-3] ("Privilege Log"); Pl.'s Mem. Supp. Mot. Strike [DE #76].)

As explained above, the subpoena at issue here requests documents and information from Dr. Harris-Britt that are discoverable by virtue of Dr. Harris-Britt's status as an expert employed to provide trial testimony. The court finds it unnecessary to review the individual documents for claims of privilege or work-product protection as the privilege log filed by Plaintiff provides sufficient information for the court's determination. (See Privilege Log.) Having reviewed the privilege log, and for the reasons explained above in the denial of Plaintiff's motion

14

to quash, nothing in the disclosure made by Dr. Harris-Britt that is the subject of this dispute is privileged or protected as attorney work product. Accordingly, Defendants should be allowed additional time to depose Dr. Harris-Britt.

Because the provisionally sealed exhibits filed by Defendants are not necessary to the court's determination, the court grants Plaintiff's motion to strike the documents, albeit on different grounds than those asserted by Plaintiff. Defendants' motion to file the exhibits manually is denied as moot.

## II. Defendants' Motion to Strike Plaintiff's Rebuttal Expert Designation and Report [DE #80]

On September 19, 2024, the court issued an order amending, among other things, the deadlines for expert disclosures and reports under Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure. (Order Ext. Disc. Deadlines [DE #54].) This order expressly stated:

> Reports required by Rule 26(a)(2)(B) and disclosure required by Rule 26(a)(2)(C) are due from Plaintiff on or before 11 November 2024, from Defendant on or before 12 December 2024, and Rebuttal reports due from Plaintiff on or before 19 December 2024.

(*Id.*) Rule 26(a)(2)(D) states that "[a] party must make [expert] disclosures at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(D).

Defendants move to strike an expert designation and report served by Plaintiff on December 19, 2024, as untimely and substantively and procedurally improper. (Defs.' Mot. Strike Expert Designation & Report [DE #80]; Defs.' Mem. Supp. Mot. Strike Expert Designation & Report [DE #81] at 1–2.) The gist of Defendants' objection is that Plaintiff's rebuttal expert designation and report are improper

because Defendants did not designate an expert of their own, therefore obviating Plaintiff's ability to designate a rebuttal expert under Rule 26(a)(2)(D)(ii). In opposition, Plaintiff argues that her expert designation and report complies with the federal rules and the court's case management deadline because "rebuttal evidence can be asserted to disprove both 'fact' and 'expert' evidence offered by the Defendants." (Pl.'s Resp. Opp'n Defs' Mot. Strike Expert Designation & Report [DE #86] at 2–3.) For the reasons explained below, Defendant's motion is allowed.

"A rebuttal expert report responds to the opposing party's expert reports, not the opposing party's claims." *Pennsylvania Nat'l Mut. Cas. Ins. Co. v. Beach Mart, Inc.*, No. 2:14-CV-8-FL, 2021 WL 1555776, at *2 (E.D.N.C. Apr. 20, 2021) (citing numerous district court opinions from within the Fourth Circuit); *Pierce v. N.C. State Bd. of Elections*, No. 4:23-CV-193-D, 2024 WL 5170738, at *3 (E.D.N.C. Dec. 18, 2024) (citing *Beach Mart*, 2021 WL 1555776, at *2). "A proper rebuttal report responds to the opposing party's expert reports . . . [and] may cite new evidence only if 'the new evidence and data is offered to directly contradict or rebut the opposing party's expert.'" *Id.* (quoting *Withrow v. Spears*, 967 F. Supp. 2d 982, 1002 (D. Del. 2013)).

Defendant "chose not to serve any expert designation in this case, deeming it unnecessary." (Def.'s Mem. Supp. Mot. Strike Expert Designation & Report at 1.) Accordingly, there is no defense expert for Plaintiff to rebut pursuant to Rule 26(a)(2)(D)(ii). Plaintiff cites no authority for her position that "rebuttal evidence can be asserted to disprove both 'fact' and 'expert' evidence offered by the Defendants" (Pl.'s Resp. Opp'n Defs.' Mot. Strike Expert Designation & Report at 2–3), and the

court finds her position in direct contravention of the rules and this court's prior decisions. Accordingly, Plaintiff's expert designation and report served on December 19, 2024, are neither proper nor timely. *See Cahoon v. Edward Orton, Jr. Ceramic Found.*, No. 2:17-CV-63-D, 2020 WL 918753, at *3 (E.D.N.C. Feb. 24, 2020) (scheduling orders are not mere suggestions).

Considering the factors in *S. States Rack & Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 597 (4th Cir. 2003) as guides,[5] Plaintiff's untimely and improper expert disclosure and report is neither substantially justified nor harmless. *See Gallagher v. S. Source Packaging, LLC*, 568 F. Supp. 2d 624, 631–32 (E.D.N.C. 2008) (applying the factors from *S. States Rack & Fixture* to an untimely expert report supplementation); Fed. R. Civ. P. 37(c)(1) ("If a party fails to [timely] provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.").

Plaintiff fails to demonstrate that her untimely and improper rebuttal expert disclosure is substantially justified or harmless. (*See* Pl.'s Resp. Opp'n Defs.' Mot. Strike Expert Designation & Report at 3–5.) As to the factors of surprise to Defendants and Plaintiff's explanation for failure to disclose, Plaintiff merely doubles down on her incorrect position that her rebuttal expert disclosure was timely and

---

[5] The factors are "(1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence." *S. States Rack & Fixture*, 318 F.3d at 597.

17

argues that she "should not be prejudiced because the Defendants chose to rely on fact evidence, rather than timely tendering their own expert witness pursuant to this Court's scheduling order." (*See* Pl.'s Resp. Opp'n Defs.' Mot. Strike Rebuttal Expert Designation & Report at 3 ("While Defendants[] assert that Plaintiff's designation of a rebuttal report and expert is a surprise . . ., such assertion is baseless as Plaintiff timely disclosed her rebuttal report pursuant to this Court's scheduling order."), 4.) Accordingly, the first and fifth factors of *S. States Rack & Fixture* weigh heavily in Defendants' favor.

Further, allowing Plaintiff's untimely expert disclosures would likely delay this matter further, as Defendants would have a strong argument for re-opening discovery so that they might cure the surprise caused by Plaintiff's untimely expert disclosure. Thus, the second and third factors of *S. States Rack & Fixture* also weigh in Defendants' favor.

As to the fourth factor, the court need not delve deeply into the substance of the untimely expert report.[6] The importance of the expert disclosure and report at issue is undercut by the fact that Defendants have been asserting as an affirmative defense that Plaintiff was terminated for "legitimate, non-discriminatory reasons" since at least December 6, 2022. (Defs.' 1st Answer & Affirmative Defenses [DE #16] at 12; *see also* Defs.' 3d Am. Answer & Affirmative Defenses [DE #43] at 12 (filed Jan. 24, 2024).) Accordingly, all five factors identified in *S. States Rack & Fixture* support

---

[6] Defendants have attached the designation and report served by Plaintiff. (Defs.' Mem. Supp. Mot. Strike Rebuttal Expert Designation & Disclosure, Ex. A [DE #81-1].)

the conclusion that Plaintiff's failure to timely disclose the rebuttal expert and report was neither substantially justified nor harmless. Therefore, Defendants' motion to strike Plaintiff's rebuttal expert report is granted.

## III.   Costs and Fees

Defendants request an award of their costs and fees in connection with their motion for claim of privilege and motion to strike Plaintiff's rebuttal expert report. (Defs.' Mot. Determination Privilege; Defs.' Mot. Strike Expert Designation & Report.) Plaintiff's motion to quash and untimely rebuttal expert disclosure necessitated Defendants' filing of the motions for which they seek to recover costs and fees. For the reasons explained above, there was no substantial justification for Plaintiff's actions, and the court discerns no reason that would make an award of costs and fees unjust. *See* Fed. R. Civ. P. 37(a)(5)(A) (providing that the court must award expenses and fees unless "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust"). Accordingly, the court grants Defendants' request for costs and fees associated with the two motions referenced above. Defendants shall have fourteen (14) days from the date of this order to file a notice with accompanying affidavit of their costs incurred in bringing the motions. Plaintiff shall have ten (10) days to file written objections to the costs and fees requested. Defendants shall have seven (7) days to respond to any objections.

19

## CONCLUSION

For the reasons explained above, the court ORDERS as follows:

1.      Plaintiff's Motion to Quash and for Protective Order [DE #55] is DENIED;

2.      Defendants' Motion Seeking a Determination of a Claim of Privilege or Work Product Protection and Extension of Time to Take an Expert Deposition Out of Time [DE #60] is GRANTED. Defendants shall have thirty (30) days from the date of this order to depose Dr. Harris-Britt;

3.      Plaintiff's Motion to Strike Defendants' Filings [DE #75] is GRANTED. The clerk is directed to strike Exhibits B through N to Defendants' Memorandum Supporting their Motion for Determination of Claim of Privilege [DE ## 62–72];

4.      Defendants' Motion to File Provisionally Sealed Exhibits Manually [DE #74] is DENIED as moot;

5.      Defendants' Motion to Strike Plaintiff's Reply [DE #78] is GRANTED;

6.      Defendants' Motion to Strike Plaintiff's Rebuttal Expert Designation and Report [DE #80] is GRANTED; and

7.      Defendants' motion for costs and fees in bringing their motion for claim of privilege and motion to strike Plaintiff's rebuttal expert report is GRANTED. Defendants shall have fourteen (14) days from the date of this order to file a notice and affidavit of costs and fees incurred. Plaintiff shall have ten (10) days to object to the costs and fees requested, and Defendants shall have seven (7) days to respond thereto.

20

This 18th day of March 2025.

KIMBERLY A. SWANK
United States Magistrate Judge